UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO. 1:02CR-54** |
| **Plaintiff,** | : | **(Judge Bunning)** |
| | : | |
| **vs.** | : | |
| | : | **ORDER** |
| | : | |
| **TYREECE PUGH** | : | |
| **Defendant,** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Stephanie K. Bowman wherein she recommends that Defendant Tyreece Pugh's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 197) be denied (Doc. # 200). Defendant has filed timely objections to the Magistrate Judge's R&R (Doc. # 201). The United States having filed no response, and the time to do so having now expired, the matter is ripe for review. For the reasons that follow, Defendant's objections to the R&R (Doc. # 201) are hereby **sustained in part and overruled in part**, and the Magistrate Judge's R&R (Doc. # 200) is hereby **rejected in part and adopted in part** as the opinion of the Court.

Defendant's Motion to Vacate is based entirely upon the argument that his trial counsel was ineffective for failing to move for a directed verdict of acquittal. (Doc. # 197, at 4). Defendant asserts:

> The trial record will reflect that [Defendant] was never identified as being in the bank or being the one who robbed the bank. No evidence was presented linking [Defendant] as being the person who robbed the bank. Counsel was ineffective for failing to move for a directed verdict of aquittal [sic] when

1

> sufficient evidence was not produced during trial to place [Defendant] in the bank at anytime or linking [Defendant] to the bank robbery.

*Id.* The Magistrate Judge recommended that the Court deny Defendant's motion on two separate grounds. First, the Magistrate Judge found that Defendant's Motion to Vacate is time barred by the one-year statute of limitations. Alternatively, the Magistrate Judge found that Defendant's motion could be denied on the merits because Defendant has failed to prove the two key elements of *Strickland v. Washington*, 466 U.S. 668 (1984) in order to support an ineffective assistance of counsel claim.

Defendant raises two objections to the Magistrate Judge's R&R. First, Defendant argues that he never gave consent to have a magistrate judge review his Motion to Vacate. Defendant's objection is without merit. Pursuant to 28 U.S.C. § 636(b)(1)(B), "a judge may ... designate a magistrate judge ... to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, ... of applications for posttrial [sic] relief made by individuals convicted of criminal offenses ... ." Therefore, the Court did not need Defendant's consent prior to referring this matter to Magistrate Judge Bowman. Moreover, the Magistrate Judge's R&R is ultimately reviewed by the undersigned who may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The undersigned has conducted a de novo review of those portions of the R&R to which Defendant has objected and is issuing an Order consistent with this review. Therefore, Defendant's objection is overruled.

Defendant also alleges that the Magistrate Judge's R&R is based upon an erroneous calculation of the date on which his judgment of conviction became final.

Defendant's argument on this point is well-taken. To be timely, a defendant must file his § 2255 motion within one year of the date that his judgment of conviction became "final." 28 U.S.C. § 2255(f)(1). The Magistrate Judge found that Defendant's judgment of conviction became final on November 12, 2008 when his petition for writ of certiorari was denied by the Supreme Court of the United States. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001) (direct review concludes when the Supreme Court either denies the petition for writ of certiorari or decides the case on the merits). Thus, the Magistrate Judge concluded that Defendant's motion, which was signed by him and placed in the prison mailing system on November 24, 2009, was barred by the one-year statute of limitations. However, a review of the record reveals that the Supreme Court denied Defendant's petition for writ of certiorari on December 8, 2008 (Doc. # 194). Defendant's petition was merely placed on the Supreme Court's docket on November 12, 2008 (Doc. # 193). Thus, the statute of limitations did not run until December 8, 2009, and Defendant's § 2255 motion was timely filed. Accordingly, Defendant's objection is sustained,[1] and the R&R is rejected in this respect.

The Magistrate Judge also found that Defendant's Motion to Vacate could be denied on the merits because Defendant has failed to prove the two key elements of *Strickland v. Washington* to establish an ineffective assistance of counsel claim. In *Strickland*, the Supreme Court held that such claims have two components, both of which must be satisfied: (1) a showing "that counsel made errors so serious that counsel was not

---

[1] In his objections, Defendant contends that December 23, 2008 was the correct date on which his judgment of conviction became final. Since the Court finds that the correct date is December 8, 2008, Defendant's objection is sustained only to the extent that the Magistrate Judge's R&R is based upon an erroneous calculation of the date on which his judgment of conviction became final.

3

functioning as the 'counsel' guaranteed by the Sixth Amendment;" and (2) a showing "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. The first prong is applied in a way that is deferential to counsel. *Id.* at 690 ("counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment"). For the second prong, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As stated above, Defendant believes that his trial counsel was ineffective for failing to move for a directed verdict of acquittal.

After an extensive recitation of the evidence that was introduced at Defendant's second trial, the Magistrate Judge concluded that the evidence was more than sufficient to support Defendant's resulting conviction. Because there is no reasonable possibility that a motion for directed verdict would have been sustained based upon the evidence presented at trial, the Defendant cannot show error or prejudice based upon his attorney's failure to make such a motion. *See United States v. Israel*, 133 F. App'x 159 (6th Cir. 2005) (where sufficient evidence exists to support a conviction, a failure to move for a directed verdict cannot have been prejudicial). Having reviewed the Magistrate Judge's thorough analysis, the Court concurs with the recommended disposition that Defendant's motion be denied on the merits. The evidence introduced at trial was accurately summarized by the Magistrate Judge, and the record reveals that sufficient evidence existed to support Defendant's conviction. Therefore, Defendant cannot prove an ineffective assistance of counsel claim based on a failure to move for a directed verdict of acquittal. Moreover, Defendant failed to raise any objection to the Magistrate Judge's

4

recommendation to deny the motion on the merits.

Accordingly, for the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendant's Objections to the Magistrate Judge's Report and Recommendation (Doc. # 201) are hereby **SUSTAINED IN PART AND OVERRULED IN PART**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 200) is hereby **REJECTED IN PART AND ADOPTED IN PART** as the findings of fact and conclusions of law of the Court;

(3) Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 197) is hereby **DENIED**; and

(4) The matter is hereby **DISMISSED** and **STRICKEN** from the active docket of this Court; and

(5) The Court determines there would be no arguable merit to an appeal in this matter and, therefore, no certificate of appealability shall issue.

This 1st day of November, 2011.



Signed By:
*David L. Bunning*  DB
**United States District Judge**

G:\DATA\ORDERS\SD-Ohio cases\02-54 Order rejecting in part and adopting in part R&R.wpd