# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 1:02CR-54 |
| Plaintiff, | : | (Judge Bunning) |
| | : | |
| vs. | : | |
| | : | **MEMORANDUM ORDER** |
| | : | |
| **TYREECE PUGH** | : | |
| Defendant, | : | |

*********************************

This matter is before the Court on Defendant Tyreece Pugh's Motion for Modification/Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 205). In his motion, Defendant requests a modification/reduction of his sentence because "[u]nder 1B1.10(b)(2)(B) the Sentencing Commission has proposed an amendment in 2011 that eliminates the addition of two criminal history points if a defendant committed an offense less than (2) years after release from imprisonment. (Recency Points)." Defendant also requests counsel be appointed for him. The United States having filed a response (Doc. # 207), and the time for filing a reply having now expired, the motion is ripe for review. For the reasons that follow, the motion is **denied**.

On March 9, 2006, Defendant was sentenced to a two hundred twenty-one (221) month term of imprisonment after having been found guilty on November 17, 2005 of conspiracy to commit armed bank robbery; armed bank robbery; and using, carrying or brandishing a firearm during a bank robbery. (Doc. # 145). In his presentence report (PSR), to which he had no objection, Defendant's advisory sentencing guideline range was 120-150 months. That range corresponded with a total offense level of twenty-six (26) and a criminal history category of six (VI). Defendant was assessed three (3) criminal history

points pursuant to U.S.S.G. §§ 4A1.1(d) and 4A1.1(e) because he committed the offense of conviction while under a criminal justice sentence, including probation and supervised release, and he committed the offense less than two years after release from imprisonment on a sentence counted under § 4A1.1(a) or (b). (PSR ¶¶ 70, 72). Defendant's total of twenty (20) criminal history points resulted in a criminal history category of VI.

On November 1, 2010, Sentencing Guidelines Amendment 742 became effective. That amendment, commonly referred to as the "recency amendment", eliminated the "recency" points provided in subsection (e) of U.S.S.G. § 4A1.1. Under § 4A1.1(e), one or two points were added to the defendant's criminal history score if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under subsection (a) or (b). In Defendant Pugh's case, the application of the former § 4A1.1(e) added one criminal history point to his total. (PSR ¶ 72). However, even without that criminal history point, Pugh would have remained a criminal history category VI, which would have yielded the same advisory sentencing guideline range of 120-150 months.

Moreover, even if application of the recency amendment would result in a lower advisory guideline range, which it certainly would not in Defendant Pugh's case, this Court lacks authority to re-compute and/or modify Defendant's sentence pursuant to the recency amendment. As set forth above, Pugh was sentenced on March 9, 2006, before the amendment went into effect. It is well-settled that defendants who have already been sentenced are not entitled to relief under a new guideline amendment unless the Sentencing Commission expressly chooses to make the amendment retroactive. "[A]n amendment specifically listed in U.S.S.G. § 1B1.10(c) has retroactive effect, while

amendments not listed are not to be applied retroactively." *See United States v. Jones*, 96 F. App'x 976, 978 (6th Cir. 2004) (citing *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir.1994)).

Amendment 742 is not listed in § 1.1B1.10(c). Therefore, Amendment 742 does not apply retroactively. *Jones*, *supra*. Consequently, the Court is without authority to modify Defendant Pugh's sentence based on Amendment 742. *See United States v. Mitchell*, No. 09-4360-cr, 2010 WL 4069520, at *2 (2d Cir. Oct. 19, 2010) (district court is "required to calculate [defendant]'s sentence using the Guidelines in effect at the time of sentencing," and could not consider the application of the "recency" amendment prior to its effective date). *See also United States v. Jones*, No. 4:98-CR-89, 2010 WL 5057089, at *2 (W.D.N.C. Dec. 6, 2010) (recency amendment not retroactive); *United States v. Boone*, No. 3:08-CR-026, 2010 WL 4853289, at *1-2 (E.D.Va. Nov. 23, 2010) (same); *United States v. Alonso*, No. 3:09-CR-031-L, 2010 WL 4609855, at *2 (N.D.Tex. Nov. 15, 2010) (same).

Accordingly, **IT IS ORDERED** that Defendant's *pro se* Motion for Modification/ Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. # 205) is hereby **DENIED**.

This 31st day of January, 2012.



Signed By:
*David L. Bunning*  DB
United States District Judge